[Civ. No. 2645. Second Appellate District, Division One.—June 9, 1919.]

## LOREN ELLIS, Respondent, v. M. S. SANBERG, Appellant.

[1] NEGLIGENCE — INJURY BY AUTOMOBILE — DRIVING AT DANGEROUS SPEED—EVIDENCE—CONCLUSIONS.—In this action for damages for personal injuries received by plaintiff while crossing a street, through being struck by defendant's automobile, there was substantial evidence before the court tending to show that the defendant, in driving down the street, was traveling at a dangerous and unlawful rate of speed, and the court was justified in concluding therefrom that had defendant's machine been traveling at a reasonable and safe rate, it would have been more easily controlled and plaintiff would have advanced beyond its course before he found the machine upon him.

---

1. Speed of automobile as negligence, notes, 25 **L. R. A.** (N. S.) 40; 38 **L. R. A.** (N. S.) 488; 51 **L. R. A.** (N. S.) 993.

Evidence as to speed of automobile, note, 34 **L. R. A.** (N. S.) 778.

Opinion evidence, notes, **Ann. Cas.** 1917D, 613; **L. R. A.** 1918A, 705.

Experimental evidence, note, 8 **A. L. R.** 33.

[2] Id.—Endeavor to Save Self—Aggravation of Injury—Contributory Negligence.—That the plaintiff endeavored to save himself by grasping the machine and that in so doing he may have aggravated his injury does not show contributory negligence on his part.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. H. Appel and E. J. Dennison for Appellant.

J. W. Hocker and Robert E. Austin for Respondent.

JAMES, J.—A judgment in this case was entered in favor of the plaintiff in the sum of four hundred dollars as damages which the court found plaintiff had suffered by reason of personal injuries caused by the negligence of the defendant. The defendant appeals from the judgment and from an order denying his motion for a new trial.

In the complaint of plaintiff it was alleged that, while plaintiff was crossing a public street in the city of Los Angeles, the defendant came down the street operating an automobile and that said automobile was traveling at a dangerous rate of speed and in excess of the speed permitted by law, and that defendant "so carelessly and negligently operated and drove his said automobile, as to run the same into the person of plaintiff, running him down, and said automobile struck plaintiff with such force and violence that plaintiff was violently thrown to the pavement." Under findings made by the court the facts were determined to be as alleged by the plaintiff. Defendant in his answer denied that any negligent act had been committed on his part and further alleged that the injuries to plaintiff were caused by the contributory negligence of the latter. It is here contended that the evidence was insufficient to justify the court in making findings in favor of the plaintiff and that the defense of contributory negligence should have been sustained. The case on the evidence was peculiarly one for the judgment of the trial court and was not a case where the evidence showed without conflict a lack of negligence on the part of the defendant. The plaintiff

attempted to cross the street about midway between the corners of the block. He testified that he saw the machine of the defendant when it was thirty or forty feet away; that he did not know upon which side the machine was going to pass and, becoming confused, in order to save himself he attempted to grasp the machine in front and that as he did so the machine came to a stop, not before, however, his leg had been damaged by contact with it. Another witness testified to having observed the accident; he testified that he was in a machine following the machine of defendant just before the accident, and that the machine of the defendant was traveling in the neighborhood of forty miles an hour; that as the defendant apparently saw the plaintiff crossing in front of him he put on his brakes and "skidded his machine for fully fifty feet, the fire flying from under the tires, trying to stop the machine."

[1] From this brief statement of the evidence it will at once be seen that, notwithstanding any contradictory testimony offered by the defendant, there was substantial evidence before the court tending to show that the defendant in driving down the street was traveling at a dangerous and unlawful rate of speed. Finding such to be the fact, the court was justified in concluding that had defendant's machine been traveling at a reasonable and safe rate, it would have been more easily controlled and plaintiff would have advanced beyond its course before it reached the place of the accident. [2] That the plaintiff endeavored to save himself by grasping the machine and that in so doing he may have aggravated his injury, does not show contributory negligence on his part. His act may have been, and we must assume the court so considered it, the act of a reasonable man under the circumstances. That he may not have been actually thrown to the pavement, as he alleged, does not show that there was a failure of proof to sustain the injuries claimed. The plaintiff was struck by the automobile of the defendant in the manner described and suffered injuries. It is immaterial whether, after being so struck, he remained upon his feet or fell to the ground. In our opinion, the decision of the trial judge is fully supported by the evidence.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.